UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**FRED LEE PERRY,**
        **Plaintiff,**

      v.                                                                              **Case No. 07-C-767**

**HEIDI SCAIBLE, JEANNETTA JOHNSON and**
**REGENCY JANITORIAL SERVICES, INC.,**
        **Defendants.**

---

### DECISION AND ORDER

Plaintiff Fred Lee Perry, proceeding pro se, filed this action against defendants Heidi Scaible, Jeannetta Johnson and Regency Janitorial Services, Inc. ("Regency"), alleging employment discrimination. Plaintiff seeks back wages along with additional unspecified monetary and compensatory damages. Ordinarily, a plaintiff must pay a statutory filing fee of $350 to bring an action in federal court. 28 U.S.C. § 1914(a). Plaintiff, however, has requested leave to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915.

Section 1915 is meant to ensure indigent litigants meaningful access to federal courts, Nietzke v. Williams, 490 U.S. 319, 324 (1989), and applies to both non-prisoner plaintiffs and to plaintiffs who are incarcerated, Floyd v. United States Postal Serv., 105 F.3d 274, 275-77 (6th Cir. 1997) ("[T]he only logical interpretation of the statute is that non-prisoners have the option to proceed in forma pauperis under § 1915(a)."). Here, the heightened requirements of the Prison Litigation Reform Act do not apply because plaintiff is not incarcerated. Under § 1915, an indigent party may commence a federal court action, without paying required costs and fees upon submission of an affidavit asserting inability

"to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and the affiant's belief that the person is entitled to redress." § 1915(a)(1).

Plaintiff has filed the required affidavit of indigence. Upon review of such affidavit, I am satisfied that plaintiff is unable to pay the $350 filing fee. Plaintiff states that he is employed and has a monthly income of $1,150. However, he also states that he has fixed expenses of $896 each month and that he currently has only $6 in savings. Thus, I will permit plaintiff to proceed without payment of fees.

Plaintiff has stated the nature of this § 1983 action and asserted his belief that he are entitled to redress. I will additionally screen his complaint. District courts may screen complaints filed by all litigants. Rowe v. Shake, 196 F.3d 778, 783 (7th Cir. 1999). A district court may screen the complaint prior to service on the defendants, and must dismiss a complaint if it is legally "frivolous or malicious" or fails to state a claim upon which relief may be granted. Id.; 28 U.S.C. § 1915(e)(2)(B). The court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of Rex Hosp., 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to plaintiff and resolve all doubts in plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). The court is obliged to give a pro se plaintiff's allegations, however inartfully pleaded, a liberal construction. Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

Plaintiff alleges that defendants discriminated against him several times between 1999 and 2005. He states that Regency advertised open janitorial positions during this period. He alleges that he applied for such a position five times – in 1999, 2002, 2003, 2004 and 2005 – and was rejected each time, though he was qualified, due to his race, color and age. He alleges that he is African American and that defendants preferred to

hire young Hispanics. He states that defendant Scaible was Regency's human resources manager in 1999 and defendant Johnson was the human resources manager in 2002. Plaintiff states that Regency claimed that it did hire him in 1999 and 2002, but that he failed to go to work. Plaintiff contends that this is a lie and additionally that Regency lacks a consistent policy regarding individuals who have failed to appear for work in the past. Finally, plaintiff notes that Regency advertises its open positions in a free Spanish-language newspaper but not in Milwaukee's free African-American community newspaper and that it has hired 350 Hispanics but only fifteen African Americans. Plaintiff states that he filed a complaint with the EEOC and that the EEOC found probable cause of discrimination and sent him a right-to-sue letter.

Plaintiff's complaint appears to state a claim against Regency under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"), the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. ("ADEA") and 42 U.S.C. § 1981. In addition, it appears to state a claim against Scaible and Johnson under § 1981.[1]

**THEREFORE, IT IS ORDERED** that plaintiff's request to proceed in forma pauperis is **GRANTED**.

**IT IS FURTHER ORDERED**, pursuant to Fed. R. Civ. P. 4(c)(2), that the U.S. Marshals Service shall serve a copy of the complaint, a waiver of service form and/or the summons, and this order upon defendants. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C.

---

[1] The complaint does not state a claim against Scaible or Johnson under Title VII or the ADEA. Williams v. Banning, 72 F.3d 552, 554 (7th Cir. 1995) (stating that Title VII does not create supervisor or manager liability); Matthews v. Rollins Hudig Hall Co., 72 F.3d 50, 52 n.2 (7th Cir. 1995) (extending Williams's reasoning to the ADEA).

§ 1921(b). The current fee for waiver-of-service packages is $8 per item. 28 C.F.R. §§ 0.114(a)(2). Although Congress requires the court to order service by the U.S. Marshals Service precisely because in forma pauperis plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

Plaintiff, however, should provide defendants or their counsel with copies of all future motions or papers filed by the plaintiff in this action.

Dated at Milwaukee, Wisconsin this 4 day of September, 2007.

/s_____
LYNN ADELMAN
District Judge