# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WISCONSIN

---

FRED LEE PERRY,

    Plaintiffs,

    v.                                            Case No. 07-C-767

HEIDI SCAIBLE[1],
JEANNETTA JOHNSON[2], and
REGENCY JANITORIAL
SERVICES INC.,

    Defendants.

---

## DECISION AND ORDER
## ON DEFENDANT'S MOTION TO DISMISS

---

### NATURE OF THE CASE

On August 27, 2007, the plaintiff filed this action alleging that defendant Regency Janitorial Services, Inc. (Regency) discriminated against him on the basis of race in violation of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. (Title VII) and 42 U.S.C. § 1981 when Regency failed to hire him several times between 1999 and 2005. Additionally, the plaintiff alleges that defendant Regency discriminated against him on the basis of age in violation of

---

[1] The court notes that the plaintiff's complaint spells Heidi's last name as Scaible. The defendants' brief spells Heidi's name as Schaible, without noting the change. Under the circumstances, the court will utilize the defendants' spelling of Ms. Schaible's name.

[2] The court notes that the plaintiff's complaint spells defendant Johnson's first name as Jeannetta. The defendants' brief spells Ms. Johnson's first name Jeanette, without noting the spelling change.

the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. (ADEA), when they failed to hire him. The plaintiff also asserts a 42 U.S.C. § 1981 claim against defendants Heidi Schaible and Jeannetta Johnson, employees of defendant Regency.

The court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the matter arises under federal statutes. Venue is proper under 28 U.S.C. § 1391. The case was assigned according to the random assignment of civil cases pursuant to 28 U.S.C. § 636(b)(1)(B) and General Local Rule 72.1 (E.D. Wis). The parties consented to United States magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c) and General Local Rules 73.1 (E.D. Wis.).

The defendants moved to dismiss this action for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). As the defendants concede, the Seventh Circuit Court of Appeals treats failure to exhaust administrative remedies as properly raised under Rule 12(b)(6), not as a jurisdictional issue. See Gibson v. West, 201 F.3d 990, 993-94 (7th Cir. 2000); see also Babrocky v. Jewel Food Company, 773 F.3d 857, 864 (7th Cir. 1985). The defendants do not argue that the court lacks jurisdiction and, therefore, this court only will consider the motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). The motion has been fully briefed and will be addressed herein.

### **DEFENDANT'S MOTION TO DISMISS**

### **Standard for Motion to Dismiss**

A motion pursuant to Fed. R. Civ. P. 12(b)(6) challenges the sufficiency of the complaint and requires the court to decide whether the plaintiff's pleadings actually state a claim upon which relief can be granted. Christensen v. County of Boone, Il., 483 F.3d 454, 458 (7th Cir.

2007). The well-pleaded allegations in the plaintiff's complaint must be taken as true. Travel All Over the World, Inc. v. Kingdom of Saudi Arabia, 73 F.3d 1423, 1428 (7th Cir. 1996); Janowsky v. United States, 913 F.2d 393, 395 (7th Cir. 1990). Such allegations must be viewed in the light most favorable to plaintiff. Doherty v. City of Chicago, 75 F.3d 318, 322 (7th Cir. 1996); Travel All Over the World, Inc., 73 F.3d at 1428. Moreover, pro se pleadings must be given a liberal construction. Gregory v. Nunn, 895 F.2d 413, 414 (7th Cir. 1990). A pro se complaint should not be dismissed for a failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-6 (1957); Hughes v. Rowe, 449 U.S. 5, 10 (1980); Williams v. Faulkner, 837 F.2d 304, 307 (7th Cir. 1988), aff'd sub nom. Neitzke v. Williams, 490 U.S. 319, 327 (1989).

**FACTUAL ALLEGATIONS OF THE COMPLAINT AND BACKGROUND FACTS**

The plaintiff applied for janitorial positions at defendant Regency Janitorial Services between 1999 and 2005. In 1999, defendant Schaible, defendant Regency's human resources manager at the time, interviewed the plaintiff for an open position at Regency. Defendant Regency claimed that the plaintiff was offered the position in 1999, but failed to show up. In 2002, defendant Johnson, who replaced defendant Schaible as human resources manager, and defendant Regency claimed once again that the plaintiff was offered a position, but that he failed to show up. In 2003, the plaintiff interviewed again with defendant Johnson. Ms. Johnson sent the plaintiff a letter notifying him that although he was "very impressive," Regency did not have any available positions and that his application would be kept on file for the future. The plaintiff was not notified of any positions in 2004, even though defendant Regency continued

to seek employees. Finally, in 2005, the plaintiff again interviewed with defendant Johnson for a janitorial position at defendant Regency, but was not hired.

At the time, defendant Regency indicated to him that he was not hired because he had previously been hired and failed to show up. According to the plaintiff, this is not true. He asserts that defendant Regency lacks a consistent policy regarding individuals who have failed to appear for work in the past.

The plaintiff maintains that defendant Regency discriminated against him because he was an older African American and defendant Regency preferred to hire inexperienced Hispanics between the ages of 18 and 25. The plaintiff notes that defendant Regency advertised employment openings in the Milwaukee Journal Sentinel, but states that the newspaper is not available in black neighborhoods. He further states that defendant Regency advertised in the free Spanish-language newspaper, but not in Milwaukee's free African-American community newspaper. The plaintiff asserts that defendant Regency hired 350 Hispanics in one year, but only fifteen African Americans.

On July 20, 2005, the plaintiff jointly filed his pro se administrative complaint with the Wisconsin Department of Workforce Development's Equal Rights Division (ERD) and the Equal Employment Opportunity Commission (EEOC). The plaintiff asserted that he was discriminated against because of his race, "Black American" and color, "black". The ERD determined that probable cause existed. Discovery occurred and a hearing was held before Administrative Law Judge (ALJ) DeLao on August 30, 2006. On May 4, 2007, the ALJ concluded that defendant Regency did not violate the Wisconsin Fair Employment Practices Act, Wis. Stats. §§ 111.31-111.395, in refusing to hire Mr. Perry because of his race and/or color. The plaintiff appealed, and on September 18, 2007, the Labor and Industry Review Commission concluded that it

-4-

agreed with the ERD decision. On June 8, 2007, the EEOC adopted the findings of the state agency and sent the plaintiff a right-to-sue letter.

On August 27, 2007, the plaintiff filed a complaint with this court, alleging that defendant Regency discriminated against him on the basis of race in violation of Title VII and § 1981 when they failed to hire him in 1999, 2002, 2003, 2004, and 2005. He also alleges an ADEA claim against defendant Regency. In addition, the plaintiff alleges that the defendant Heidi Schaible discriminated against him on the basis of race in violation of § 1981 when she failed to hire him in 1999, and that defendant Johnson discriminated against him on the basis of race in violation of § 1981 when she failed to hire him in 2002, 2003, and 2005.

## **ANALYSIS**

The defendants assert that the plaintiff's ADEA claim, as well as some of the plaintiff's Title VII and § 1981 claims, must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). Specifically, with respect to the ADEA claim, the defendants assert that the plaintiff failed to exhaust his administrative remedies. As to the plaintiff's Title VII and § 1981 claims, the defendants assert that some of the claims are barred by the applicable statute of limitations. Additionally, the defendants assert that the plaintiff's age discrimination claims must be dismissed because age discrimination claims cannot be brought under § 1981.

Although the plaintiff's response to defendants' motion is a little unclear, he appears to make two points. First, the plaintiff seeks to amend his complaint to bring an age discrimination claim under both the ADEA and § 1981 pursuant to Fed. R. Civ. P. 15. The plaintiff states "plaintiff[ ] asks the court to allow him to amend the complaint pursuant [to] Rule 15 FRCP base[d] on age discrimination race, 'age discrimination base[d] on race.'" (Plaintiff Opposition to Defendants Motion to Dismiss and Motion to Amend Pursuant [to] Rule 15 FRCP [Plaintiff's

-5-

Opposition] at 1). He also seeks to add Maggie Kusch, co-owner, and Johnson Diversity, Inc., as additional defendants on his claim of age discrimination based on race. Second, the plaintiff asserts that such an "age discrimination base on race" is not time–barred.

In the district court's decision allowing the plaintiff to proceed in forma pauperis, the court concluded that "[p]laintiff's complaint appears to state a claim against Regency under . . . the Age Discrimination in Employment Act . . . ." (Court's Decision and Order at September 4, 2007 at 3). Because the plaintiff's complaint already includes an ADEA claim and there is no separate claim of age discrimination based on race, his motion to amend the complaint to include his ADEA claim will be denied as moot. In addition, § 1981 protects against racial discrimination. There is no separate claim of age discrimination based on race. The discrimination is either age discrimination brought under the ADEA or race discrimination brought under § 1981 and Title VII. The plaintiff's complaint already includes a § 1981 claim and an ADEA claim. Accordingly, the plaintiff's motion to amend will be denied.

**Age Discrimination Claim**

In order to bring an ADEA claim in federal court, a plaintiff must have raised it in a timely EEOC charge. Ajayi v. Aramark Business Services, Inc., 336 F.3d 520, 527 (7th Cir. 2003); See 29 U.S.C. § 626(d) ("No civil action may be commenced by an individual under this section until 60 days after a charge alleging unlawful discrimination has been filed with the EEOC" ). The purpose of this exhaustion requirement is to give the EEOC an opportunity to settle the parties' dispute and to put the employer on notice of the charges against it. Horton v. Jackson County Bd. of County Com'rs., 343 F.3d 897, 899 (7th Cir. 2003); see also, Geldon v. S. Milwaukee School Dist., 414 F.3d 817, 819 (7th Cir. 2005). Claims which are not exhausted

may be dismissed pursuant to Fed. R. Civ. 12(b)(6). See Witzke v. Femal, 376 F.3d 744 (7th Cir. 2004); see also, Gray v. Potter, 115 Fed. Appx. 891 (7th Cir. 2204).

Only those claims included in the EEOC charge, or "like or reasonably related to the allegations of the charge and growing out of such allegations" may be raised in the federal court complaint. Geldon, 414 F.3d at 819. "The issue often isn't simply whether or not the plaintiff ever filed an EEOC charge, but rather whether the charge that was timely filed was sufficiently broad to include the claims the plaintiff later raises in court. In other words, are the claims within the 'scope of the EEOC charge?'" Ajayi, at 527 (citing Cheek v. W. & S. Life Ins. Co., 31 F.3d 497, 502 [7th Cir. 1994]). "When an EEOC charge alleges a particular theory of discrimination, allegations of a different type of discrimination in a subsequent complaint are not reasonably related to them unless the allegations in the complaint can be reasonably inferred form the facts alleged in the charge." Cheek v. W. & S. Life Ins. Co., 31 F.3d 497, 503 (7th Cir. 1994).

In Ajayi, the Court of Appeals for the Seventh Circuit upheld the district court's dismissal of an ADEA claim for failure to pursue administrative remedies. Ajayi, 336 F.3d at 527. The court concluded that there was nothing in the plaintiff's EEOC charge that would reasonably lead one to conclude that Ajayi was the victim of age discrimination. Id. The court stated that Ajayi did not mention age anywhere in the charge, the age discrimination box was unchecked, and the date of birth field was blank. Id. The court concluded, stating that its decision did not rest on an "omitted check mark", but on viewing the EEOC charge as a whole. Id. at 528.

On July 20, 2005, the plaintiff filed his pro se administrative complaint jointly with the ERD and the EEOC. In Wisconsin, employment discrimination complaints are generally filed with the ERD and the ERD files the charge with the EEOC. The plaintiff did not raise the issue of age discrimination in either his EEOC complaint or in his ERD complaint. In his ERD

-7-

complaint, the plaintiff did not check the "age" box as a reason for discrimination, did not fill in his date of birth, and made no reference to age discrimination in his attached statement of discrimination. After discovery and a hearing, the ALJ's findings of fact and law made absolutely no mention of age discrimination. The first time the plaintiff claimed age discrimination was in his pro se complaint filed with this court on August 27, 2007.

Viewing the ERD and EEOC's complaints as a whole, there is nothing that would explicitly give the EEOC or defendant Regency notice of age discrimination. Furthermore, there is nothing in the ERD and EEOC's complaints that would lead the EEOC or defendant Regency to infer an alleged age bias. Only those claims included in the EEOC charge, "or (those that) can be reasonably related to the allegations in the charge" can be brought in federal court. See Geldon, 414 F.3d at 819. The defendant's age discrimination claim is not reasonably related to the allegations in the EEOC charge. Therefore, the defendants' motion to dismiss with respect to the plaintiff's age discrimination claim under the ADEA will be granted.

**Title VII Claim**

In addition to asserting that the plaintiff's age discrimination claim must be dismissed, the defendants assert that any Title VII claims against defendant Regency arising prior to September 23, 2004, are barred by the applicable statute of limitations. In response, the plaintiff asserts that although the Title VII claims for failure to hire in 1999,[3] 2002, 2003, and 2004 against defendants Schaible, Johnson, and Regency "may be" barred by the statute of limitations, his discrimination claims from 2005 are not time–barred.

---

[3] The plaintiff did not include defendant Regency's alleged failure to hire him in 1999 in his EEOC and ERD complaint. See Plaintiff's Discrimination Complaint at 1, attached to defendants' Brief in Support of Motion to Dismiss as Exh. A.

-8-

The statute of limitations is an affirmative defense pursuant to Federal Rule of Civil Procedure 8(c) and, therefore, need not be addressed in the complaint. See Xechem, Inc. v. Bristol-Myers Squibb Co., 372 F.3d 899, 901 (7th Cir. 2004). "A complaint states a claim on which relief may be granted whether or not some defense is potentially available." United States v. Northern Trust Co., 372 F.3d 886, 888 (7th Cir. 2004). Thus, it need "not anticipate and attempt to plead around defenses." Id. Accordingly, the court of appeals for this circuit has deemed it "irregular" to dismiss a claim as untimely under Rule 12(b)(6). Id.

Nevertheless, dismissal under Rule 12(b)(6) on the basis of the statute of limitations is appropriate where the plaintiff pleads himself out of court by "admit[ing] all the ingredients of an impenetrable defense." Xechem, Inc., 372 F.3d at 901; see also, United States v. Lewis, 411 F.3d 838, 842 (7th Cir. 2005) (explaining that dismissal is proper where the complaint "plainly reveals that an action is untimely under the governing statute of limitations"). The validity of the defense must be "apparent from the complaint itself" and "unmistakable." Walker v. Thompson, 288 F.3d 1005, 1010 (7th Cir. 2002).

As applicable in Wisconsin, Title VII requires that a charge be filed with the EEOC within 300 days after occurrence of the act that is the basis for the complaint. See Baylie v. Federal Reserve Bank of Chicago, 476 F.3d 522, 525 (7th Cir. 2007) (citing National Railroad Passenger Corp. v. Morgan, 536 U.S. 101 [2002]); see also, Doe v. R.R. Donnelley & Sons Co., 42 F.3d 439, 445 (7th Cir. 1994). The period for filing an EEOC charge begins to run when the last discriminatory act allegedly was committed. United Air Lines, Inc. v. Evans, 431 U.S. 553, 558 (1977).

In this case, the plaintiff filed his complaint with the ERD and EEOC on July 20, 2005. Three hundred days prior to July 20, 2005, is September 23, 2004. Thus, any acts or

-9-

omissions, including defendant Regency's failure to hire the plaintiff, occurring prior to September 23, 2004, are–barred. The plaintiff alleged that he applied for positions and was denied employment by the defendants in 1999, 2002, 2003, and 2005 and that he was not hired in 2004 despite the fact that defendant Regency continued to seek employees. Thus, the plaintiff's claims of discrimination occurring in 1999, 2002, and 2003, are time–barred unless the continuing violation doctrine is applicable.

The continuing violation doctrine allows a Title VII plaintiff to get relief for time–barred acts by linking them with acts occurring within the limitations period. Hall v. Bodine Elect. Co., 276 F.3d 345, 353 (7th Cir. 2002) (citing Shanoff v. Illinois Dept. of Human Services, 258 F.3d 696, 703 [7th Cir.2001]; Miller v. American Family Mut. Ins. Co., 203 F.3d 997, 1003-04 [7th Cir. 2000]). When this takes place, the court treats the combination of acts as "'one continuous act that ends within the limitations period." Hall, 276 F.3d at 353 (quoting Shanoff, 258 F.3d at 703). However, a plaintiff "may not base [his] . . . suit on conduct that occurred outside the statute of limitations unless it would have been unreasonable to expect the plaintiff to sue before the statute ran on that conduct. . . ." Id. (quoting Galloway v. General Motors Service Parts Operations, 78 F.3d 1164, 1167 [7th Cir. 1996]).

The continuing violation doctrine operates differently depending on whether the type of discriminatory act alleged is a "discrete" discriminatory act contributing to a hostile work environment. Lucas v. Chicago Transit Authority, 367 F.3d 714, 723 (7th Cir. 2004) (citing National R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 114-15 [2002]). With respect to "discrete" acts, "each act 'starts a new clock for filing charges,' and the clock starts on the date that the act 'occurred.'" Lucas, 367 F.3d at 723 (quoting Morgan, 536 U.S. at 113). Any

-10-

discrete acts that fall outside the statute of limitations are –barred even though they may relate to other discrete acts that are within the statute of limitations. Lucas, 367 F.3d at 723.

Discrete acts are easy to identify because "each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable 'unlawful employment practice.'" Morgan, 536 U.S. at 114. Discrete acts include "termination, failure to promote, denial of transfer, or refusal to hire." Id. Thus, a refusal to hire is a discrete act that, when falling outside of the statute of limitations, is time–barred. Id.; see also, Davidson v. America Online, Inc., 337 F.3d 1179 (10th Cir. 2003); see also, Celestine v. Petroleos de Venezuella SA, 266 F.3d 343, 352 (5th Cir. 2001).

In this case, each denial of employment by defendant Regency is a discrete and independent act and, therefore, claims based on these acts cannot be rendered timely by application of the continuing violation doctrine. Moreover, the validity of the defendants' statute of limitations defense with respect to the plaintiff's Title VII claims against defendant Regency for failure to hire in 1999, 2002 and 2003 is "apparent from the face of the complaint" and "unmistakable." See Walker, 288 F.3d at 1010. Accordingly, the defendants' motion to dismiss the plaintiff's Title VII claims against defendant Regency for failure to hire in 1999, 2002 and 2003 will be granted. However, with respect to the plaintiff's claim that he was not hired in 2004, it is not apparent from the face of the complaint that the claim is time–barred. In other words, it is not apparent from the face of the complaint that the defendant's act or omission occurred prior to September 23, 2004, as the plaintiff did not allege a specific date and was not required to do so under Rule 8 of the Federal Rules of Civil Procedure.

**Section 1981 Claims**

Finally, the defendants assert that any alleged acts of race discrimination against the plaintiff arising prior to August 27, 2003, are barred by §1981's four-year statute of limitations. Specifically, the defendants seek the dismissal of the plaintiff's § 1981 claim against defendant Schaible, as it occurred in 1999, and the dismissal of the plaintiffs § 1981 claims based on alleged discriminatory actions taken by defendant Johnson in 2002 and 2003. The defendants also seek dismissal of the plaintiff's § 1981 claims based on the alleged discriminatory actions of defendant Regency in 1999, 2002, and 2003. The defendants maintain that the §1981 claims arising from alleged discriminatory actions in 2003, should be dismissed as time–barred because the plaintiff failed to allege an exact date in 2003 when defendants Regency and Johnson failed to hire him.

The plaintiff asserts that although the § 1981 claims for failure to hire in 1999, 2002, and 2003 against the defendants "may be" barred by the statute of limitations, his discrimination claims from 2005 are not time–barred. The plaintiff contends that the § 1981 claims based on actions in 2005 are within the four-year statute of limitations.

The Supreme Court has stated that "although directed to most of the same ends, [Title VII and § 1981] are separate, distinct, and independent" claims. Johnson v. Railway Exp. Agency, Inc., 421 U.S. 454, 461 (1975). A four-year statute of limitations applies to §1981 complaints. Jones v. R.R. Donnelley & Sons, Co., 541 U.S. 369, 382 (2004).

In this case, the plaintiff filed his complaint on August 27, 2007. Thus, with respect to the plaintiff's § 1981 claims, any discriminatory act that occurred before August 27, 2003, is time–barred. The § 1981 claim against defendant Schaible relates only to the 1999 failure to hire, which is prior to August 27, 2003. Therefore, this claim is time–barred. The § 1981 claim

against defendant Johnson arising out of an alleged discriminatory act that occurred in 2002, and the § 1981 claims against defendant Regency arising out of alleged discriminatory acts that occurred in 1999 and 2002 also are time–barred. With respect to the plaintiff's claims arising in 1999 and 2002, the validity of the defendants' statute of limitations defense is "apparent from the face of the complaint" and, therefore, the defendants' motion to dismiss will be granted with respect to these claims. See Walker, 288 F.3d at 1010.

However, contrary to the defendants' assertion with respect to the plaintiff's § 1981 claims arising out of an alleged failure to hire in 2003, the Federal Rules of Civil Procedure do not require allegation of exact dates. Under the notice pleading requirements of the federal procedural rules, a plaintiffs' complaint must contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); see also, Higgs v. Carver, 286 F.3d 437, 439 (7th Cir. 2002). In Kolupa v. Roselle Park Dist., 438 F.3d 713, 714 (7th Cir. 2006), the court explained: "It is enough to name the plaintiff and the defendant, state the nature of the grievance, and give a few tidbits (such as the date) that will let the defendant investigate. A full narrative is unnecessary." Not only did the plaintiff not have to allege a date in 2003, without a date, the validity of the defendants' statute of limitations defense is not apparent from the face of the complaint. See Walker, 288 F.3d at 1010. Accordingly, the defendants' motion to dismiss the plaintiff's § 1981 claims against Ms. Johnson and Regency for failure to hire in 2003 will be denied.

## **CONCLUSION**

In sum, the defendant's motion to dismiss will be granted in part and denied in part. The plaintiff's ADEA claims will be dismissed because he failed to exhaust his administrative remedies. The plaintiff's Title VII claims arising from acts that occurred in 1999, 2002 and 2003,

-13-

will be dismissed because they are "discrete acts" that do not circumvent Title VII's 300-day statute of limitations and, therefore, are –barred. However, the plaintiff's Title VII claim arising in 2004 will not be dismissed because it is not apparent from the face of the complaint that it is time–barred. Furthermore, the plaintiff's § 1981 claim against defendant Schaible will be dismissed as time–barred and the claim against defendant Johnson based on acts that occurred in 2002 will be dismissed as time–barred. Finally, the plaintiff's § 1981 claims against defendant Regency arising from acts that occurred in 1999 and 2002 are–barred and will be dismissed. However, the plaintiff's § 1981 claims against defendant Johnson and defendant Regency based on a failure to hire in 2003 will be permitted to proceed.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that the defendants' motion to dismiss be and hereby is **granted in part** and **denied in part** as stated herein. (Docket #21).

**IT IS FURTHER ORDERED** that the plaintiff's motion to amend the complaint be and hereby is **denied**. (Docket #26).

**IT IS ALSO ORDERED** that defendant Schaible be and hereby is **dismissed** as a party to this action.

Dated at Milwaukee, Wisconsin this 4th day of June, 2008.

BY THE COURT:

   s/ Patricia J. Gorence  
PATRICIA J. GORENCE  
United States Magistrate Judge